UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WILLIAM GIBBS and JOHN WAGNER, | )<br>)<br>) |
| Plaintiffs, | )    2:13-cv-00935-JAD-NJK |
| vs. | ) |
| RIVERS TRANSPORTATION GROUP, INC., et al., | )<br>)    **O R D E R** |
| Defendants. | )<br>)<br>) |

This matter is before the Court on Defendant Thomas Roll's Motion to Compel (#37).

**MEET AND CONFER**

The initial inquiry here, as with any motion to compel, is whether the movant made adequate meet and confer efforts. Fed.R.Civ.P. 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action." LR 26-7. This Court has previously held that personal consultation means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). Meaningful discussion means the parties must present the merits of their respective

positions and assess the relative strengths of each.  See *Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, *11 (D. Nev. June 11, 2007). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. The mere exchange of letters does not satisfy the personal consultation requirement. *ShuffleMaster, Inc.* 170 F.R.D. at 172.

Judicial intervention is appropriate only when "(1) informal negotiations have reached an impasse on the substantive issue in dispute, or (2) one party has acted in bad faith, either by refusing to engage in negotiations altogether or by refusing to provide specific support for its claims of privilege." *Monsanto*, 151 F.R.D. at 120.

Here, Defendant Thomas Roll asserts that he "sent a meet and confer letter to Plaintiff's [sic] counsel on October 10, 2013." Docket No. 37, at 3. According to Defendant Roll, "Plaintiffs' counsel has not responded to the meet and confer letter, thus necessitating this motion." *Id*.  A single letter, however, is not an adequate meet and confer effort. *See ShuffleMaster, Inc.* 170 F.R.D. at 172. Prior to filing this motion, Defendant Roll was required to engage in two-way communication with Plaintiffs to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention. *Id*.  He has not done so here.  Instead, it appears that Defendant Roll made minimal and insufficient meet and confer efforts after Plaintiffs provided their amended responses to his requests for production. Without knowing Plaintiffs' position on the disclosure, Defendant Roll cannot conclude that the parties have reached an impasse. The parties must meaningfully discuss this dispute prior to seeking court intervention.

Although such a discussion may not resolve this dispute in its entirety, it may narrow the issues. Currently, Defendant is seeking court intervention on 26 Requests for Production. The parties must meet and confer on each one of these matters and "present to each other the merits of their

respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." See *Monsanto*, 151 F.R.D. at 120. The purpose of the discussion should be to either resolve or narrow the dispute.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant Thomas Roll's Motion to Compel (#37) is **DENIED without prejudice**.

DATED this 5th day of November, 2013.

_____
**NANCY J. KOPPE**
**United States Magistrate Judge**